91 F.3d 167
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
George P. PAISLEY, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 96-3065.
 United States Court of Appeals, Federal Circuit.
 May 13, 1996.
Rehearing Denied; Suggestion for Rehearing In Banc Declines
July 10, 1996.
 
 Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 George P. Paisley petitions for review of the final decision of the Merit Systems Protection Board, Docket No. AT0351930507-X-1, dismissing his petition for enforcement. Because the board did not err in dismissing Paisley's petition, we affirm.
 
 DISCUSSION
 
 2
 The United States Postal Service (the "agency") previously employed Paisley as a Director, Plant Maintenance, at the agency's Jacksonville, Florida Bulk Mail Center. As a result of the agency's nationwide restructuring in 1992-93, it assigned him, effective April 3, 1993, to the position of Supervisor, Distribution Operations. Paisley appealed this reassignment to the board. In an initial decision, an administrative judge (AJ) found that the agency's reassignment of Paisley constituted a reduction-in-force (RIF) demotion. The AJ also found that the agency had not effected the reassignment in accordance with the RIF procedures required under 5 C.F.R. part 351; he therefore reversed the agency action and ordered it to cancel Paisley's reassignment. The agency accordingly cancelled Paisley's reassignment, retroactively restored him to his previous position, and issued to him a specific RIF notice.
 
 
 3
 Meanwhile, Paisley filed a petition to the full board requesting enforcement of the AJ's order. The agency responded to his petition by filing evidence showing that it had cancelled Paisley's reassignment and had issued to him a specific RIF notice. In considering Paisley's petition, the board found that it had provided him with an opportunity to respond to the agency's submission and that he had merely alleged that the RIF notice was substantively defective. Since the board found that the agency had complied with the requirements of the board's order, it dismissed the petition for enforcement. The board also noted that Paisley's objections to the merits of the RIF were properly raised in the separate action that he filed. Paisley now petitions for review by this court.
 
 
 4
 We may reverse a decision of the board only if it was arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 5
 On appeal, Paisley primarily challenges the substantive aspects of the RIF. However, the present appeal only concerns whether or not the agency complied with the board's order. Substantial evidence supports the board's conclusion that the agency is in compliance with that order by having retroactively cancelled Paisley's reassignment and issuing to him a specific RIF notice. In particular, the record contains copies of a notification of personnel action cancelling the reassignment and the specific RIF notice issued to Paisley, evidencing that the agency is in compliance. Accordingly, the board did not err in dismissing his petition for enforcement of the order. Paisley can challenge the merits of the RIF in his separately filed appeal.